No. ——

First Circuit

---

SHEHEE-JONES FURNITURE AND HARDWARE CO. v. E. G. POWELL

---

(December 22, 1925. Opinion and Decree)

---

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Appeal—Par. 694.**
Where a counsel for appellant has made no appearance in this court, either by brief or argument, and no error is found in the judgment of the trial court to the detriment of the appellant, the judgment will be affirmed.

Appeal from the Parish of Vernon. Hon. Hal A. Burgess, Judge.

Suit by Shehee-Jones Furniture and Hardware Company against E. G. Powell.

There was judgment for plaintiff against defendants and intervenor.

Defendant Dr. F. P. Jones alone appealed.

Judgment affirmed.

P. L. Ferguson, of Leesville, attorney for plaintiff, appellee.

S. I. Foster, of Leesville, attorney for defendant, appellant.

LECHE, J.  Plaintiff sues E. G. Powell to recover two claims, one amounting to $247.98 and the other amounting to $600.00, both together aggregating $847.98. Plaintiff alleges that it has a vendor's lien and privilege on certain movables in the possession of Powell for the purchase price thereof, and it further alleges that it has a lien upon work which defendant had performed under a contract to build a highway, for advances which it made to said Powell in order to enable him to carry out his contract in constructing the highway.  Plaintiff obtained a writ of sequestration to enforce its liens and privileges, and it also obtained a writ of attachment under which it garnished funds in the hands of W. H. Smith, Jr., original holder of the highway contract, and of Dr. F. P. Jones, assignee of that part of the highway contract which had been sublet by Smith to defendant. The suit was filed September 17, 1924.  The writs prayed for were issued and executed the same day.

On October 9, 1924, a written agreement was entered into between the plaintiff, the defendant and the two garnishees, whereby the sum of $1105.33 was deposited in court by Smith, on condition that such deposit shall relieve (release) the garnishment as against Smith and Jones and that the proceeding, insofar as any prayer for judgment against the said Smith and Jones, as garnishees, is thereby dismissed. The agreement is signed by counsel for plaintiff and by counsel for defendant and the two garnishees.

On October 14, 1924, J. W. Sanderson intervened in these proceedings, claiming the sum of $649.40 for labor performed by him in the execution of the road contract. He alleges that the sum of $1105.33 deposited in court by the garnishees rep-resents the estimates paid to Smith for work done by intervenor as an employee of the defendant, Powell, in the building of said road.  He further alleges a lien and privilege on said fund and prays that his claim be paid out of the same, together with 10 per cent attorney's fees by privilege and preference.

The district court rendered judgment recognizing the claims of plaintiff, recognizing the sum of $1105.33 as belonging to Dr. F. P. Jones, subject, however, to the payment of intervenor Sanderson's claim in the sum of $649.40, with the ten per cent attorney's fees, and also subject to the payment of the claim of $247.98 sued on by plaintiff, all costs of suit to be paid by Powell and Jones.

From that judgment Dr. F. P. Jones alone has appealed and no answer to the appeal or prayer for amendment has been filed by any of the appellees. The appeal is thus limited to the question as to whether said judgment should be changed, altered or amended to the advantage of Dr. Jones.  But counsel for appellant has made no appearance in this court, either by brief or by oral argument, and we fail to find any error and none is pointed out to us in the judgment detrimental to appellant.

The judgment of the district court recognizes the privileges claimed in favor of plaintiff and in favor of intervenor on the fund of $1105.33 deposited in court, and this finding seems to be amply supported by the law and the evidence. After satisfying these privileges, there may remain a balance which is recognized in the judgment as belonging to appellant. We can't say how much that balance, if any, will amount to, as we have not calculated the interest and we do not know the amount of court costs.  Plaintiff

earnestly contends in argument that it is entitled to that balance as a result of the agreement signed by the appellant on October 9, 1924. But plaintiff has neither appealed nor answered the appeal of Dr. Jones, and the judgment cannot be amended in its favor.

We see no other alternative but that the judgment of the district court should be affirmed, and it is so ordered.